**CUSTODIO & DUBEY, LLP**
Robert Abiri (SBN 238681)
*E-mail: abiri@cd-lawyers.com*
445 S. Figueroa Street, Suite 2520
Los Angeles, CA 90071
Telephone: (213) 593-9095
Facsimile: (213) 785-2899

*Attorney for Plaintiff and the*
*Putative Classes*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| BRENT SCRUGGS, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MARS, INCORPORATED,<br><br>Defendant. | CASE NO.: 2:22-cv-05617<br><br>**CLASS ACTION COMPLAINT**<br><br><br>**DEMAND FOR JURY TRIAL** |

1        Plaintiff Brent Scruggs ("Plaintiff"), on behalf of himself and all others

2  similarly situated, brings this class action against Defendant Mars, Incorporated

3  ("Defendant") based on the false and deceptive advertising and labeling of

4  Defendant's Cinnamon Altoids product. Plaintiff makes the following allegations

5  based on his personal knowledge, and upon the information, investigation and belief

6  of his counsel.

7                       **INTRODUCTION**

8    1.    This class action seeks to challenge Defendant's false and deceptive

9  practices in the marketing and sale of its Altoids Cinnamon Mint product (the

10  "Product").

11    2.    On the front and center of the Product, Defendant prominently depicts

12  an image of cinnamon sticks, and right below the cinnamon sticks, the Product

13  displays, in large bold font, the word: "CINNAMON" (together, the "Cinnamon

14  Representations"). (*See* ¶ 15). Together and in isolation, the Cinnamon

15  Representations lead reasonable consumers to believe that the Product contains

16  cinnamon.

17    3.    However, unbeknownst to consumers, the Product ***does not contain***

18  ***any cinnamon***.

19    4.    Plaintiff and other consumers have reasonably relied on Defendant's

20  deceptive labeling of the Product, reasonably believing that the Product contains

21  cinnamon.

22    5.    Had Plaintiff and Class members been aware that the Product does not

23  contain cinnamon, Plaintiff and Class members would not have purchased the

24  Product or would have paid significantly less for it. Accordingly, Plaintiff and Class

25  members have been injured by Defendant's deceptive business practices, and paid a

26  price premium based upon their reliance on Defendant's front label representations.

27               **JURISDICTION AND VENUE**

28    6.    This Court has subject matter jurisdiction pursuant to the Class Action

-1-

**CLASS ACTION COMPLAINT**

Fairness Act of 2005, 28 U.S.C. § 1332(d)(2), because this is a class action filed under Rule 23 of the Federal Rules of Civil Procedure, there are thousands of proposed Class members, the aggregate amount in controversy exceeds $5,000,000 exclusive of interest and costs, and Defendant is a citizen of a state different from at least some members of the proposed Class, including Plaintiff.

7.     This Court has personal jurisdiction over Defendant because Defendant has sufficient minimum contacts in California, or otherwise intentionally availed itself of the markets within California, through its sale of the Product in California and to California consumers.

8.     Venue is proper in this judicial District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District. Specifically, Plaintiff purchased the Product in this District.

## THE PARTIES

9.     Plaintiff is a citizen of the United States and the State of California, and a resident of Los Angeles, California. In or around March 2022, Plaintiff purchased the Product at a Walmart located in Torrance, California. Based on the Cinnamon Representations on the front label of the Product, Plaintiff reasonably believed the Product contained cinnamon. Had Plaintiff known that this is not the case, he would not have purchased the Product, or would have paid significantly less for it. Therefore, Plaintiff suffered injury in fact and lost money as a result of Defendant's misleading, false, unfair, and deceptive practices, as described herein.

10.     Despite being misled by Defendant, Plaintiff regularly shops at stores where the Product is sold and would purchase the Product in the future if it actually contained cinnamon. Plaintiff also lacks personal knowledge as to Defendant's specific business practices relating to the Product. This uncertainty, coupled with his desire to purchase the Product, is an ongoing injury that can and would be rectified by an injunction enjoining Defendant from making the alleged misleading

**CLASS ACTION COMPLAINT**

representations. In addition, Class members will continue to purchase the Product, reasonably but incorrectly believing that the Product contains cinnamon.

11.　　Defendant is a Delaware corporation with its principal place of business in McLean, Virginia. Defendant is a multinational manufacturer of confectionery, pet food, and other candy products, including the Product at issue in this case.

## FACTUAL ALLEGATIONS

**A.　　Defendant Misleads Consumers into Believing the Product Contains Cinnamon**

12.　　Defendant is responsible for the manufacturing, marketing, labeling, advertising, and sale of the Product.

13.　　Unfortunately for consumers, Defendant engages in false and misleading advertising about the Product to gain a competitive edge in the market, all at the expense of unsuspecting consumers.

14.　　Specifically, the principal display panel of the Product features representations which lead reasonable consumers to believe that the Product contains cinnamon.

15.　　As depicted below, on the front and center of the Product, Defendant places an image of cinnamon sticks. Immediately below the cinnamon sticks, the word "CINNAMON" appears in large, bold font (together, the "Cinnamon Representations").

**CLASS ACTION COMPLAINT**

16.     The Cinnamon Representations, together and in isolation, lead reasonable consumers to believe the Product contains cinnamon.

17.     However, unbeknownst to consumers, there is **no cinnamon** in the Products.

18.     Thus, reasonable consumers are being grossly misled by Defendant's representations, believing the Product has cinnamon, when that is simply not the case.

**B.     Defendant's Competitors Use Cinnamon In Their Mints**

19.     Reasonable consumers not only expect cinnamon in the Product based on the Cinnamon Representations, but also because similar cinnamon products with similar representations actually contain cinnamon.

20.     For example, one of Defendant's competitors, Mentos, uses actual cinnamon in their Mentos Cinnamon Chewy Mint product:[1]

_____

[1] https://www.amazon.com/Mentos-Chewy-Cinnamon-Melting-Pieces/dp/B004DI0LQ8/ref=sr_1_13?crid=389C202235FD5&keywords=Cinnamon+mint&qid=1658707750&sprefix=cinnamon+min%2Caps%2C155&sr=8-13 (last visited July 25, 2022)

**CLASS ACTION COMPLAINT**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



**CLASS ACTION COMPLAINT**

1    21.    Spry Natural Cinnamon Mints also contain cinnamon.[2]



[2] https://xlear.com/product/natural-cinnamon-xylitol-mints-1200ct/ (last visited July 25, 2022)

22.     Similarly, Simply Mints Cinnamon contains cinnamon.[3]



23.     For these additional reasons, it is not unreasonable for consumers to expect their cinnamon products to contain actual cinnamon, and Defendant should not be allowed to gain a competitive advantage over companies that are doing right by consumers.

**C.    Federal Regulations Further Demonstrate the Deceptive Nature of the Product's Labeling**

24.     When manufacturers represent a specific ingredient on a food item, consumers expect the item to include that ingredient. While manufacturers at times use artificial flavorings to mimic the taste of certain ingredients, the Federal government, through the United States Food and Drug Administration, requires

---

[3] https://www.simplygum.com/products/cinnamon-mints-by-simply-gum (last visited July 25, 2022)

**CLASS ACTION COMPLAINT**

manufacturers to label their products in a specific manner to avoid consumer deception.

25.    Specifically, Federal regulations are clear that if a food's labeling "makes any direct or indirect representations with respect to the primary recognizable flavor(s), by word, vignette, e.g., depiction of a fruit", and if the food "contains any artificial flavor which simulates" that flavor, the flavor on the product's front label "shall be accompanied by the word(s) "artificial" or "artificially flavored". 21 C.F.R. § 101.22(i)(2). The regulations give examples of acceptable representations. *Id.* ("e.g., "artificial vanilla", "artificially flavored strawberry", or "grape artificially flavored".)

26.    As displayed above (¶ 16), the Product makes direct representations with respect to the primary recognizable flavor, Cinnamon, by word and vignette (i.e., depictions of cinnamon sticks). Because the Product contains artificial flavor to simulate the flavor of cinnamon, the "Cinnamon" representation on the Product's label should have been accompanied by the word "artificially flavored."

27.    For example, the Product should have represented the cinnamon as "artificial cinnamon," "artificially flavored cinnamon," or "cinnamon artificially flavored."

28.    However, the Product's Cinnamon representations do not have this accompanying language. Thus, Defendant's violation of FDA regulations further supports Plaintiff's allegations that reasonable consumers have been misled.

**D.    Defendant's False and Deceptive Practices Harms Consumers**

29.    Plaintiff and other consumers purchased the Product, relying on the Cinnamon Representations.

30.    The reasonable belief held by Plaintiff and consumers that the Product contains cinnamon, represented on the Product's front label, was a significant factor in each of their decisions to purchase the Product.

**CLASS ACTION COMPLAINT**

31.     Based on the front-label representations, Plaintiff and Class members did not know, and had no reason to know, that the Product does not contain cinnamon.

32.     As the entity responsible for the development, manufacturing, packaging, advertising, distribution and sale of the Product, Defendant knew or should have known that the Product falsely and deceptively represents the presence of cinnamon in the Product.

33.     Defendant also knew or should have known that Plaintiff and other consumers, in purchasing the Product, would rely on the Product's representations. Nonetheless, Defendant deceptively advertises the Product in order to deceive consumers into believing that they are getting cinnamon.

34.     Consumers are willing to pay more for the Product based on the belief that it has cinnamon. In other words, through the use of misleading representations, Defendant commands a price that Plaintiff and the Class would not have paid had they been fully informed. Had Plaintiff and the Class been aware that the Product does not contain cinnamon, they would have purchased a different product or paid significantly less for the Product. Alternatively, had Plaintiff and the Class been aware about the truth of the Product, they would not have purchased the Product at all.

35.     By the use of misleading representations, Defendant also created increased market demand for the Product and increased its market share relative to what its demand and share would have been had it marketed the Product truthfully.

36.     Indeed, cinnamon is highly valued by consumers, and consumers are increasingly interested in purchasing cinnamon and cinnamon-based products, evident from the growth of the cinnamon market in recent years, and its projected

growth in the near future.[4]

37.     Therefore, Plaintiff and other consumers purchasing the Product have suffered injury in fact and lost money as a result of Defendant's false and deceptive practices, as described herein.

## CLASS ACTION ALLEGATIONS

38.     Plaintiff brings this class action pursuant to Fed. R. Civ. P 23 and all other applicable laws and rules, individually, and on behalf of all members of the following Classes:

**California Class**

All persons who purchased the Product in the state of California within the applicable statute of limitations period.

**California Consumer Subclass**

All persons who purchased Product in the state of California, for personal, family, or household purposes, within the applicable statute of limitations period.

39.     Excluded from the Classes are the following individuals and/or entities: Defendant and its parents, subsidiaries, affiliates, officers and directors, current or former employees, and any entity in which Defendant has a controlling interest; all individuals who make a timely election to be excluded from this proceeding using the correct protocol for opting out; and all judges assigned to hear any aspect of this litigation, as well as their immediate family members.

40.     Plaintiff reserves the right to modify or amend the definition of the proposed Classes and/or add subclasses before the Court determines whether certification is appropriate.

---

[4] https://www.marketdataforecast.com/market-reports/cinnamon-market (last visited July 25, 2022)

41.   <u>Numerosity:</u> The proposed Classes are so numerous that joinder of all members would be impractical. The Product is sold throughout California at numerous retailers. The number of individuals who purchased the Product during the relevant time period is at least in the hundreds of thousands. Accordingly, Class members are so numerous that their individual joinder herein is impractical. While the precise number of Class members and their identities are unknown to Plaintiff at this time, these Class members are identifiable and ascertainable.

42.   <u>Common Questions Predominate:</u> There are questions of law and fact common to the proposed Classes that will drive the resolution of this action and will predominate over questions affecting only individual Class members. These questions include, but are not limited to, the following:

    a. Whether Defendant misrepresented material facts and/or failed to disclose material facts in connection with the labeling, marketing, distribution, and sale of the Product;

    b. Whether Defendant's use of false or deceptive labeling and advertising constituted false or deceptive advertising;

    c. Whether Defendant engaged in unfair, unlawful and/or fraudulent business practices;

    d. Whether Defendant's unlawful conduct, as alleged herein, was intentional and knowing;

    e. Whether Plaintiff and the Classes are entitled to damages and/or restitution, and in what amount;

    f. Whether Defendant is likely to continue using false, misleading or unlawful conduct such that an injunction is necessary; and

    g. Whether Plaintiff and the Classes are entitled to an award of reasonable attorneys' fees, interest, and costs of suit.

43.   Defendant has engaged in a common course of conduct giving rise to violations of the legal rights sought to be enforced uniformly by Plaintiff and Class

-11-

**CLASS ACTION COMPLAINT**

members. Similar or identical statutory and common law violations, business practices, and injuries are involved. The injuries sustained by members of the proposed Classes flow, in each instance, from a common nucleus of operative fact, namely, Defendant's deceptive labeling and advertising of the Product. Each instance of harm suffered by Plaintiff and Class members has directly resulted from a single course of illegal conduct. Each Class member has been exposed to the same deceptive practice, as each Product: (a) bears the Cinnamon Representations on the front label of the Product, and (b) does not contain cinnamon. Therefore, individual questions, if any, pale in comparison to the numerous common questions presented in this action.

44. Superiority: Because of the relatively small amount of damages at issue for each individual Class member, no Class member could afford to seek legal redress on an individual basis. Furthermore, individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent or contradictory judgments. A class action is superior to any alternative means of prosecution.

45. Typicality: The representative Plaintiff's claims are typical of those of the proposed Classes, as all members of the proposed Classes are similarly affected by Defendant's uniform unlawful conduct as alleged herein.

46. Adequacy: Plaintiff will fairly and adequately protect the interests of the proposed Classes as his interests do not conflict with the interests of the members of the proposed Classes he seeks to represent, and he has retained counsel competent and experienced in class action litigation. Thus, the interests of the members of the Classes will be fairly and adequately protected by Plaintiff and his counsel.

47. Defendant has also acted, or failed to act, on grounds generally applicable to Plaintiff and the proposed Classes, supporting the imposition of

uniform relief to ensure compatible standards of conduct toward the members of the Classes.

**FIRST CLAIM FOR RELIEF**
**Violation of California's Consumers Legal Remedies Act**
**California Civil Code § 1750, *et seq*.**
(***for the California Consumer Subclass***)

48.     Plaintiff repeats the allegations contained in paragraphs 1-47 above as if fully set forth herein.

49.     Plaintiff brings this claim individually and on behalf of the members of the proposed California Consumer Subclass, against Defendant pursuant to California's Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750, *et seq*.

50.     The Product is a "good" within the meaning of Cal. Civ. Code § 1761(a), and the purchases of the Product by Plaintiff and members of the California Consumer Subclass constitute "transactions" within the meaning of Cal. Civ. Code § 1761(e).

51.     Cal. Civ. Code § 1770(a)(5) prohibits "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have . . . ." By marketing the Product with the Cinnamon Representations, Defendant has represented and continues to represent that the Product has characteristics (i.e., contains cinnamon) that it does not have. Therefore, Defendant has violated section 1770(a)(5) of the CLRA.

52.     Cal. Civ. Code § 1770(a)(7) prohibits "[r]espresenting that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another." By marketing the Product with the Cinnamon Representations, Defendant has represented and continues to represent that the Product is of a particular standard (i.e., contains cinnamon), which it does not possess. Therefore, Defendant has violated section 1770(a)(7) of the CLRA.

**CLASS ACTION COMPLAINT**

53.     Cal. Civ. Code § 1770(a)(9) prohibits "[a]dvertising goods or services with intent not to sell them as advertised." By marketing the Product as containing cinnamon, but not intending to sell the Product as such, Defendant has violated section 1770(a)(9) of the CLRA.

54.     At all relevant times, Defendant has known or reasonably should have known that the Product did not contain cinnamon, and that Plaintiff and other members of the California Consumer Subclass would reasonably and justifiably rely on the front label in purchasing the Product.

55.     Plaintiff and members of the California Consumer Subclass have justifiably relied on Defendant's misleading representations when purchasing the Product. Moreover, based on the materiality of Defendant's misleading and deceptive conduct, reliance may be presumed or inferred for Plaintiff and members of the California Consumer Subclass.

56.     Plaintiff and members of the California Consumer Subclass have suffered and continue to suffer injuries caused by Defendant because they would have paid significantly less for the Product, or would not have purchased them at all, had they known that the Product is not as represented.

57.     In accordance with Cal. Civ. Code § 1780(d), Plaintiff is filing a declaration of venue, attached hereto as Exhibit A to this Complaint.

58.     Under Cal. Civ. Code § 1780(a), Plaintiff and Class members currently seek injunctive relief for Defendant's violations of the CLRA.

59.     Further, on April 19, 2022, Plaintiff, through his counsel, sent a notice letter by certified mail to Defendant, put Defendant on notice of Plaintiff's intent to pursue claims under the CLRA, and provided Defendant an opportunity to cure, consistent with Cal. Civ. Code § 1782.

60.     Defendant received the letter on or before May 13, 2022. Because Defendant failed to take corrective action within 30 days of receipt of the notice

**CLASS ACTION COMPLAINT**

1  letter, Plaintiff is filing this complaint with a request for damages as permitted under

2  Cal. Civ. Code § 1782(d).

3                              **SECOND CLAIM FOR RELIEF**

4                    **Violation of California's False Advertising Law**
                     **California Business & Professions Code § 17500, *et seq***

5                              (*for the California Class*)

6      61.    Plaintiff repeats the allegations contained in paragraphs 1-47 above as

7  if fully set forth herein.

8      62.    Plaintiff brings this claim individually and on behalf of the members of

9  the proposed California Class against Defendant pursuant to California's False

10  Adverting Law ("FAL"), Cal. Bus. & Prof. Code § 17500, *et seq.*

11     63.    The FAL makes it "unlawful for any person to make or disseminate or

12  cause to be made or disseminated before the public . . . in any advertising device . . .

13  or in any other manner or means whatever, including over the Internet, any

14  statement, concerning . . . personal property or services professional or otherwise, or

15  performance or disposition thereof, which is untrue or misleading and which is

16  known, or which by the exercise of reasonable care should be known, to be untrue

17  or misleading."  Cal. Bus. & Prof. Code § 17500.

18     64.    Defendant has represented and continues to represent to the public,

19  including Plaintiff and members of the California Class, through its deceptive

20  labeling, that the Product contains cinnamon. Because Defendant has disseminated

21  misleading information regarding the Product, and Defendant knows, knew, or

22  should have known through the exercise of reasonable care that the representations

23  were and continue to be misleading, Defendant has violated the FAL.

24     65.    As a result of Defendant's false advertising, Defendant has and

25  continues to unlawfully obtain money from Plaintiff and members of the California

26  Class.

27     66.    Plaintiff requests that this Court cause Defendant to restore this

28  fraudulently obtained money to him and members of the California Class, to

disgorge the profits Defendant made on these transactions, and to enjoin Defendant from violating the FAL or violating it in the same fashion in the future as discussed herein. Otherwise, Plaintiff and members of the California Class may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

### THIRD CLAIM FOR RELIEF
**Violation of California's Unfair Competition Law ("UCL"),**
**California Business & Professions Code § 17200, *et seq.***
**(*for the California Class*)**

67.    Plaintiff repeats the allegations contained in paragraphs 1-47 above as if fully set forth herein.

68.    Plaintiff brings this claim individually and on behalf of the members of the proposed California Class against Defendant.

69.    The UCL, Cal. Bus. & Prof Code § 17200, provides, in pertinent part, that "unfair competition shall mean and include unlawful, unfair or fraudulent business practices and unfair, deceptive, untrue or misleading advertising . . . ."

70.    Under the UCL, a business act or practice is "unlawful" if it violates any established state or federal law. Defendant's false and misleading advertising of the Product was and continues to be "unlawful" because it violates the CLRA, the FAL, 21 C.F.R. § 101.22(i)(2), and other applicable laws as described herein. As a result of Defendant's unlawful business acts and practices, Defendant has unlawfully obtained money from Plaintiff and members of the California Class.

71.    Under the UCL, a business act or practice is "unfair" if the defendant's conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous, as the benefits for committing such acts or practices are outweighed by the gravity of the harm to the alleged victims. Defendant's conduct was and continues to be of no benefit to purchasers of the Product, as it is misleading, unfair, unlawful, and is injurious to consumers who rely on the Product's labeling. Deceiving consumers as to the contents of the

Product is of no benefit to consumers. Therefore, Defendant's conduct was and continues to be "unfair." As a result of Defendant's unfair business acts and practices, Defendant has and continues to unfairly obtain money from Plaintiff, and members of the California Class.

72.    Under the UCL, a business act or practice is "fraudulent" if it actually deceives or is likely to deceive members of the consuming public. Defendant's conduct here was and continues to be fraudulent because it has the effect of deceiving consumers into believing that the Product contains cinnamon. Because Defendant misled Plaintiff and members of the California Class, Defendant's conduct was "fraudulent." As a result of Defendant's fraudulent business acts and practices, Defendant has and continues to fraudulently obtain money from Plaintiff and members of the California Class.

73.    Plaintiff requests that this Court cause Defendant to restore this unlawfully, unfairly, and fraudulently obtained money to him, and members of the California Class, to disgorge the profits Defendant made on these transactions, and to enjoin Defendant from violating the UCL or violating it in the same fashion in the future as discussed herein. Otherwise, Plaintiff and members of the California Class may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

**FOURTH CLAIM FOR RELIEF**
**Breach of Express Warranty**
**(*for the California Class*)**

74.    Plaintiff repeats the allegations contained in paragraphs 1-47 above as if fully set forth herein.

75.    Plaintiff brings this claim individually and on behalf of the members of the proposed California Class against Defendant.

76.    California's express warranty statute provides that: (a) Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and

**CLASS ACTION COMPLAINT**

becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise, and (b) Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description. *See* Cal. Com. Code § 2313.

77.    Defendant has expressly warranted on the Product's front label that it contains cinnamon through the Cinnamon Representations. However, as alleged herein, this express representation is patently false, as the Product does not contain cinnamon.

78.    These representations about the Product: (a) are affirmations of fact or promises made by Defendant to consumers; (b) became part of the basis of the bargain to purchase the Product when Plaintiff and other consumers relied on the representations; and (c) created an express warranty that the Product would conform to the affirmations of fact or promises. In the alternative, the representations about the Product are descriptions of goods which were made as part of the basis of the bargain to purchase the Product, and which created an express warranty that the Product would conform to the product description.

79.    Plaintiff and members of the California Class reasonably and justifiably relied on the foregoing express warranties, believing that the Product did in fact conform to those warranties.

80.    Defendant has breached the express warranties made to Plaintiff and members of the California Class by failing to manufacture the Product with cinnamon, as represented on the front-label of the Product.

81.    Plaintiff and members of the California Class paid a premium price for the Product but did not obtain the full value of the Product as represented. If Plaintiff and members of the California Class had known of the true nature of the Product, they would not have been willing to pay the premium price associated with the Product.

82.    As a result, Plaintiff and members of the California Class suffered

-18-

**CLASS ACTION COMPLAINT**

injury and deserve to recover all damages afforded under the law.

**FIFTH CLAIM FOR RELIEF**
**Breach of Implied Warranty**
(*for the California Class*)

83.     Plaintiff repeats the allegations contained in paragraphs 1-47 above as if fully set forth herein.

84.     Plaintiff brings this claim individually and on behalf of the members of the proposed California Class against Defendant.

85.     California's implied warranty of merchantability statute provides that a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind. *See* Cal. Com. Code § 2314(1).

86.     California's implied warranty of merchantability statute also provides that "[g]oods to be merchantable must be at least such as . . . (f) [c]onform to the promises or affirmations of fact made on the container or label if any." Cal. Com. Code § 2314(2)(f).

87.     Defendant is a merchant with respect to the sale of Product. Therefore, a warranty of merchantability is implied in every contract for sale of the Product to California consumers.

88.     By advertising the Product with the Cinnamon Representations, Defendant made a promise on the label that the Product contains cinnamon. But the Product has not "conformed to the promises…made on the container or label" because it does not contain cinnamon. Plaintiff, as well as California consumers, did not receive the goods as impliedly warranted by Defendant to be merchantable.

89.     Therefore, the Product is not merchantable under California law and Defendant has breached its implied warranty of merchantability in regard to the Product.

90.     If Plaintiff and members of the California Class had known that the Product did not contain cinnamon, they would not have been willing to pay the

-19-

**CLASS ACTION COMPLAINT**

premium price associated with it. Therefore, as a direct and/or indirect result of Defendant's breach, Plaintiff and members of the California Class have suffered injury and deserve to recover all damages afforded under the law.

### SIXTH CLAIM FOR RELIEF
### Quasi Contract/Unjust Enrichment/Restitution
### (*for the California Class*)

91.     Plaintiff repeats the allegations contained in paragraphs 1-47 above as if fully set forth herein.

92.     Plaintiff brings this claim individually and on behalf of the members of the proposed California Class against Defendant.

93.     As alleged herein, Defendant has intentionally and recklessly made misleading representations to Plaintiff and members of the California Class to mislead them into believing the Product contains cinnamon, and thus induce them to purchase the Product. Plaintiff and members of the California Class have reasonably relied on the misleading representations and have not received all of the benefits promised by Defendant. Plaintiff and members of the California Class therefore have been induced by Defendant's misleading and deceptive representations about the Product and paid more money to Defendant for the Product than they otherwise would and/or should have paid.

94.     Plaintiff and members of the California Class have conferred a benefit upon Defendant, as Defendant has retained monies paid to it by Plaintiff and members of the California Class.

95.     The monies received were obtained under circumstances that were at the expense of Plaintiff and members of the California Class – i.e., Plaintiff and members of the California Class did not receive the full value of the benefit conferred upon Defendant.

96.     Therefore, it is inequitable and unjust for Defendant to retain the profit, benefit, or compensation conferred upon them without paying Plaintiff and the

members of the California Class back for the difference of the full value of the benefits compared to the value actually received.

97.     As a direct and proximate result of Defendant's unjust enrichment, Plaintiff and members of the California Class are entitled to restitution, disgorgement, and/or the imposition of a constructive trust upon all profits, benefits, and other compensation obtained by Defendant from its deceptive, misleading, and unlawful conduct as alleged herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, respectfully prays for the following relief:

A.     Certification of this case as a class action on behalf of the Classes defined above, appointment of Plaintiff as Class representative, and appointment of his counsel as Class counsel;

B.     A declaration that Defendant's actions, as described herein, violate the claims described herein;

C.     An award of injunctive and other equitable relief as is necessary to protect the interests of Plaintiff and the Classes, including, *inter alia*, an order prohibiting Defendant from engaging in the unlawful acts described above;

D.     An award to Plaintiff and the proposed Classes of restitution and/or other equitable relief, including, without limitation, restitutionary disgorgement of all profits and unjust enrichment that Defendant obtained from Plaintiff and the proposed Classes as a result of its unlawful, unfair and fraudulent business practices described herein;

E.     An award of all economic, monetary, actual, consequential, compensatory, and treble damages caused by Defendant's conduct;

F.     An award of punitive damages;

G.     An award to Plaintiff and his counsel of their reasonable expenses and attorneys' fees;

**CLASS ACTION COMPLAINT**

1      H.    An award to Plaintiff and the proposed Classes of pre and post-

2 judgment interest, to the extent allowable; and

3      I.    For such further relief that the Court may deem just and proper.

4

5                   **<u>DEMAND FOR JURY TRIAL</u>**

6      Plaintiff, on behalf of himself and the Classes, hereby demands a jury trial

7 with respect to all issues triable of right by jury.

8

9                    **CUSTODIO & DUBEY, LLP**

10 DATED:  August 9, 2022        By: _____/s/ Robert Abiri_____

11

12                  Robert Abiri (SBN 238681)
*E-mail: abiri@cd-lawyers.com*

13                  445 S. Figueroa Street, Suite 2520

14                  Los Angeles, CA 90071
Telephone: (213) 593-9095
Facsimile: (213) 785-2899

15

16                  *Attorney for Plaintiff and the
Putative Classes*

17

18

19

20

21

22

23

24

25

26

27

28

**CLASS ACTION COMPLAINT**