Stephen D. Raber (SBN 121958)
sraber@wc.com
Angela Pyo (SBN 337973)
apyo@wc.com
WILLIAMS & CONNOLLY LLP
680 Maine Avenue, SW
Washington, DC  20024
Telephone: 202-434-5000
Facsimile: 202-434-5029

*Attorneys for Defendant Mars, Incorporated*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| BRENT SCRUGGS, on behalf of himself and all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>MARS, INCORPORATED,<br><br>*Defendant* | Case No. 2:22-cv-05617<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MARS INCORPORATED'S MOTION FOR PARTIAL RECONSIDERATION OF THE COURT'S ORDER GRANTING IN PART AND DENYING IN PART THE MOTION TO DISMISS**<br><br>Hearing Date: August 21, 2023<br>Time: 8:30 am<br>Place: Courtroom 10B<br>Judge: Hon. John A. Kronstadt |

## INTRODUCTION

The Court denied in part Mars's motion to dismiss, finding that the front label of Mars's ALTOIDS® Curiously Strong Mints "could cause a reasonable consumer to find the meaning *ambiguous*" and "reasonably believe that the Product contains both real cinnamon and artificial flavoring"—notwithstanding that any such ambiguity could be resolved by the ingredient list on the back label, which does not include cinnamon. Dkt. 32 ("Order") at 9 (emphasis added). Just eighteen days later, the Ninth Circuit issued an opinion holding that "the front label ***must be unambiguously deceptive*** for a defendant to be precluded from insisting that the back label be considered together with the front label." *McGinity v. Procter & Gamble Co.*, 69 F.4th 1093, 1098 (9th Cir. 2023) (emphasis added). Given this change in controlling law, Mars respectfully requests that the Court reconsider the relevant portions of its Order and grant Mars's motion to dismiss in its entirety.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 54(b), courts may revise orders that adjudicate fewer than all the claims of all the parties "at any time before the entry of a final judgment." Courts also have the inherent authority "to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 889 (9th Cir. 2001) (quoting *Melancon v. Texaco, Inc.*, 659 F.2d 551, 553 (5th Cir.1981)).

Local Rule 7-18 of this District provides that a "motion for reconsideration of an Order on any motion . . . may be made only on grounds of (a) a material difference in fact or law from that presented to the court that could not reasonably have been known at the time of the original motion, (b) emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the court before such

1 decision." When the motion for reconsideration is filed "later than 14 days after
2 entry of the Order that is the subject of the motion," the moving party must show
3 good cause. L.R. 7-18.

## BACKGROUND

### I. The ALTOIDS® label.

This Court has taken judicial notice of the ALTOIDS® labels at issue:



Order at 3–4. As shown above, the front label explicitly states that ALTOIDS® are "Artificially Flavored." The ingredient list on the back label similarly states that the product is "MADE OF: . . . ARTIFICIAL FLAVORS . . ." and makes no reference at all to cinnamon.

### II. Procedural history.

Plaintiff Brent Scruggs alleged in his complaint that the above label deceives reasonable consumers into incorrectly believing that ALTOIDS® contain natural cinnamon, thereby violating California's consumer protection and warranty laws. Dkt. 1 ("Compl.") ¶¶ 2, 48–97.

Mars moved to dismiss the complaint, arguing in relevant part that "even if there were any ambiguity" as to the front label, "the back of the packaging makes it clear that . . . natural cinnamon is not an ingredient." Dkt. 14-1 ("MTD") at 13.

On May 22, 2023, the Court granted in part and denied in part Mars's motion to dismiss. Specifically, the Court *denied* the motion as to Plaintiff's damages claims for violation of the CLRA, breach of express warranty, and breach

of implied warranty, and *granted* the motion as to all of Plaintiff's other claims. Order at 14.

With respect to the CLRA claim, the Court found that "based on the current record, the placement, color and font size of 'Artificially Flavored' compared to the word 'CINNAMON' and the depiction of cinnamon sticks, could cause a reasonable consumer to find the meaning [of the front label] ambiguous" such that the "consumer could reasonably believe that the Product contains both real cinnamon and artificial flavoring." Order at 9. The Court also determined that Mars could not "rely on the ingredient list to correct those misinterpretations." *Id.* (quoting *Williams v. Gerber Prod. Co.*, 552 F.3d 934, 939 (9th Cir. 2008)). Because "a reasonable consumer could be deceived by the Product's label," the Court denied Mars's motion to dismiss Plaintiff's CLRA claim for damages. Order at 10.

The Court denied Mars's motion to dismiss Plaintiff's express and implied warranty claims for the same reasons. *See id.* at 11 ("[A] reasonable consumer could be misled by the Product's label. Therefore, the express warranty claim is sufficiently alleged."); *id.* ("[T]he [implied warranty] claim 'rises and falls' with the express warranty claim.").

**III.   The Ninth Circuit's decision in *McGinity*.**

On June 9, 2023—eighteen days after the Court issued its Order on Mars's motion to dismiss—the Ninth Circuit directly addressed when the back label can be used to resolve any ambiguity created by the front label in *McGinity v. Procter & Gamble Co.*, 69 F.4th 1093 (9th Cir. 2023). The *McGinity* plaintiff alleged that the front labels of the defendant's shampoo and conditioner, which include the words "Nature Fusion" and the image of an avocado on a green leaf, "represents that the Products are natural, when, in fact, they contain non-natural and synthetic ingredients." *Id*. at 1096. The back labels and ingredient lists made clear that the

1  products contain at least one natural ingredient, avocado oil, in combination with
2  various synthetic ingredients. *Id.* at 1099.

3    The Ninth Circuit affirmed dismissal of the complaint. It found that the
4  front label "is not misleading—rather, it is ambiguous," because "'Nature Fusion'
5  could mean any of a number of things: that the products are made with a mixture
6  of natural and synthetic ingredients, that the products are made with a mixture of
7  different natural ingredients, or something else entirely." *Id.* at 1098. "[W]hen, as
8  here, a front label is ambiguous," the Ninth Circuit held, "the ambiguity can be
9  resolved by reference to the back label." *Id.* at 1099. Indeed, "ambiguity means
10 that . . . [courts] *must* consider what additional information other than the front
11 label was available to consumers," including the back label. *Id.* at 1098 (emphasis
12 added). And although the Ninth Circuit reiterated the principle from its prior
13 decisions that "fine print" in "the back ingredient label . . . could not cure" a
14 misleading front label, it clarified that "the front label must be ***unambiguously***
15 ***deceptive*** for a defendant to be precluded from insisting that the back label be
16 considered together with the front label." *Id.* at 1098 (quoting *Ebner v. Fresh*, 838
17 F.3d 958, 966 (9th Cir. 2016); describing *Williams*, 552 F.3d at 939) (emphasis
18 added).

## ANALYSIS

20   In light of the holding in *McGinity*, the Court should reconsider its denial in
21 part of Mars's motion to dismiss.

22 **I.    The Order squarely conflicts with *McGinity*.**

23   The Order's decision not to consider the back label to resolve any ambiguity
24 in the ALTOIDS® front label is contrary to *McGinity*. This Court specifically
25 found that the ALTOIDS® front label "could cause a reasonable consumer to find
26 the meaning ***ambiguous***" such that the "consumer could reasonably believe that
27 the Product contains both real cinnamon and artificial flavoring." Order at 9

1  (emphasis added).  This is akin to the ambiguity found in the *McGinity* label.  *See*
2  69 F.4th at 1098 ("'Nature Fusion' could mean . . . that the products are made with
3  a mixture of natural and synthetic ingredients, that the products are made with a
4  mixture of different natural ingredients, or something else entirely.").

5  When faced with an ambiguous front label, *McGinity* provides that courts
6  "***must*** consider what additional information other than the front label was available
7  to consumers," including "by reference to the back label."  *Id*. at 1098–99
8  (emphasis added).  In its Order, however, this Court rejected Mars's argument that
9  it could look to the back label to resolve any ambiguity on the front label.  *See*
10  Order at 9–10.  This Court relied on *Williams v. Gerber Prod. Co.,* 552 F.3d 934
11  (9th Cir. 2008) and *Moore v. Trader Joe's Co*., 4 F.4th 874 (9th Cir. 2021)—both
12  of which the Ninth Circuit addressed in *McGinity*.  There, the Ninth Circuit
13  determined that these cases were consistent with its conclusion that "the front label
14  must be ***unambiguously deceptive*** for a defendant to be precluded from insisting
15  that the back label be considered together with the front label," 69 F.4th at 1097–
16  98.  The Ninth Circuit thus drew a bright line requiring that the back label be
17  considered except in the particular circumstance that would preclude such
18  consideration; i.e., where the front label is "unambiguously deceptive" as it was in
19  *Williams*.

20  Nowhere in the Order does this Court find the ALTOIDS® front label
21  "unambiguously deceptive" such that the back label must be ignored.  The Court's
22  decision not to use the back label to resolve the ambiguity it found thus contradicts
23  controlling law under *McGinity*.

24  **II.  *McGinity* requires dismissal with prejudice of the remaining claims.**

25  Consideration of the back label, as *McGinity* requires, compels dismissal of
26  Plaintiff's remaining claims.  The CLRA and warranty claims all turn on whether
27  "a reasonable consumer could be deceived by the Product's label."  Order at 10–

28

11. Even if the front label is ambiguous, the ingredient list on the ALTOIDS® back label unequivocally confirms that the product is "MADE OF: . . . ARTIFICIAL FLAVORS . . ." and makes no reference at all to cinnamon. Given these facts, any amendment would be futile and the claims should be dismissed with prejudice. *See Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990).

### III. *McGinity* Provides Good Cause for Reconsideration

Because *McGinity* issued on June 9, 2023, it is a change in controlling law occurring after the time the Order issued on May 22, 2023, and creates a material difference in law from that presented to the Court that could not reasonably known to Mars at the time of its motion to dismiss. This motion is thus proper under Local Rule 7-18(a) and (b). Moreover, because the Ninth Circuit issued the *McGinity* opinion eighteen days after this Court entered its Order, Mars has good cause for submission of this motion later than fourteen days after entry of the Order. If the Court agrees that the Order conflicts with *McGinity*, failing to reconsider now would unfairly prejudice Mars and unduly burden the Court with the continued litigation of claims that should be dismissed as a matter of law.

### CONCLUSION

For the foregoing reasons, Mars respectfully requests that the Court reconsider the Order in part and dismiss Plaintiff's first cause of action (violation of the CLRA), fourth cause of action (breach of express warranty), and fifth cause of action (breach of implied warranty).

Dated: July 6, 2023

Respectfully submitted,

By: */s/Stephen D. Raber*
Stephen D. Raber (SBN 121958)
sraber@wc.com
Angela Pyo (SBN 337973)

|   |   |
|---|---|
| 1 | apyo@wc.com |
| 2 | WILLIAMS & CONNOLLY LLP |
|   | 680 Maine Avenue, SW |
| 3 | Washington, DC  20024 |
| 4 | Telephone: 202-434-5000 |
|   | Facsimile: 202-434-5029 |
| 5 |   |
| 6 | *Attorneys for Defendant Mars, Incorporated* |

# CERTIFICATE OF SERVICE

I hereby certify that on July 6, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following:

    Robert Abiri        abiri@cd-lawyers.com

Dated: July 6, 2023

Respectfully submitted,

By: */s/Stephen D. Raber*
Stephen D. Raber (SBN 121958)
sraber@wc.com
Angela Pyo (SBN 337973)
apyo@wc.com
WILLIAMS & CONNOLLY LLP
680 Maine Avenue, SW
Washington, DC  20024
Telephone: 202-434-5000
Facsimile: 202-434-5029

*Attorneys for Defendant Mars, Incorporated*